# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) | |
| OF P.G. CHARTER BOATS, INC., etc., ) | |
| ) | CIVIL ACTION 05-0266-WS-M |
| Petitioner. ) | |

## ORDER

This action is one for exoneration or limitation. Before the Court is the motion of claimant Quality Inspection Services, Inc. ("Quality") to dismiss the action as untimely, a motion joined by claimant John Soles. (Docs. 11, 17). Petitioner P.G. Charter Boats, Inc. ("P.G.") has filed a response, (Doc. 20), and Quality a reply, (Doc. 22), and the motion is ripe for resolution.

In March 2002, Soles was injured while aboard a spud barge named NAV 1 ("the Vessel"). (Doc. 1 at 1-2). In March 2004, Soles filed suit in state court, naming as defendants Quality, P.G., Gazzier Shipyard, Inc., Richard W. "Pud" Gazzier, and several fictitious defendants. (Doc. 11, Exhibit A). The complaint did not specify the role of each defendant in causing Soles' injuries but described the defendants generally as "either the owner or owner pro hac vice and/or [having] operated or controlled the activities of various vessels and/or conducted construction upon certain vessels, barges and appurtenances located and operated upon navigable waters in the Gulf of Mexico." (*Id.*, ¶ 8).[1]

According to the petitioner, Richard Gazzier acquired the Vessel in 2001 and transferred ownership to P.G. in August 2001. Thus, at the time of Soles' injury and thereafter, P.G. was the owner of the Vessel. During discovery in the state action, including Gazzier's deposition, it was revealed that P.G. was the owner of the Vessel. (Doc. 20 at 2-3). Within six months of receiving Soles' proposed amended complaint naming P.G. in December 2004, the instant action was filed.

"The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction

---

[1] Although the state complaint was not appended to the federal complaint, it may be considered without converting Quality's motion to dismiss into one for summary judgment, because it is central to P.G.'s claim (since without it, P.G. has no need of exoneration or limitation) and its authenticity is not questioned. *E.g., Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

for limitation of liability ....'' 46 U.S.C. § 185; *accord* Fed. R. Civ. P., Supp. Adm. Rule F(1)(complaint for limitation to be filed "[n]ot later than six months after receipt of a claim in writing"). The claimants argue that P.G.'s complaint is untimely as having been filed more than six months after Soles' March 2004 complaint. P.G. responds that the six-month period did not begin to run until Soles proposed amending his complaint in December 2004.

Most of the published cases concerning the timeliness of limitation complaints address the information that must be provided in a "written notice.*" See, e.g., Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1090 (11th Cir. 2005)(discussing the competing tests formulated by the Second and Seventh Circuits). P.G. does not dispute that Soles' March 2004 complaint provided all the information required by either of these tests. Instead, P.G. argues that the complaint fatally failed to provide written notice that Soles was contemplating suit *against P.G.*, because he "sued the wrong parties." (Doc. 20 at 6).

The difficulty, as the claimants note, is that Soles' complaint named fictitious parties as defendants and identified them as including the owner of the Vessel. This complaint was received by Richard Gazzier and Gazzier Shipyard, one of whom was the sole shareholder of P.G. (Doc. 20 at 7). By suing fictitious parties as the owner of the Vessel, Soles in fact sued the right party, and by delivering the complaint to the owner's sole shareholder, he provided the owner with the written notice required by statute.[2]

The adequacy of this notice is amply illustrated by a hypothetical. Had Soles written Gazzier that he had been injured aboard the Vessel due to the owner's fault, that his injuries included hospitalization, permanent disability and loss of earning capacity, and that he intended to sue the owner for his losses, there is no question but that such a notice would have satisfied the requirements of the statute. This, however, is precisely the information contained in Soles' complaint.

P.G. argues that its position is supported by *Billiot v. Dolphin Services, Inc.*, 225 F.3d 515

---

[2]*See Diamond v. Beutel*, 247 F.2d 604, 607 (5th Cir. 1957)(although Section 185 specifies that the vessel owner is to receive notice, "[t]here is, however, nothing, either in the letter of the statute or in the purpose for which it was enacted, to prevent the owner from appointing an agent to receive the notice ...."). P.G. does not dispute that notice to its sole shareholder constitutes notice to it.

(5th Cir. 2000), and by *In re: Lady Jane, Inc.*, 818 F. Supp. 1470 (M.D. Fla. 1992).  In *Billiot*, the only written notice the owner received misidentified the vessel, and the Court allowed the owner to rely on the misidentification until the claimant substituted the correct vessel in its notice.  225 F.3d at 517-18.  Here, Soles did not name an incorrect defendant and later substitute a correct one but named a correct defendant and later merely provided a more specific name for that defendant.[3]  *In re: Lady Jane* is inapposite on similar grounds: the complaint of the owner was deemed timely because the only claim that had been received was directed exclusively against the owner's sole shareholder.  818 F. Supp. at 1472, 1474.  Here, the written notice was not directed only to the shareholder but to any entity that might constitute the owner.

P.G.'s position is defensible only if Section 185 requires, not only that the owner receive written notice of an actual or contemplated suit against it but also that the notice identify the owner by name and do so precisely.  That suggestion, however, has already been rejected.  *See In re: Beesley's Point Sea-Doo, Inc.*, 956 F. Supp. 538, 541 (D.N.J. 1997)(finding it of "little significance" that the written notice was directed to "Sea Isle Wave Runner/Jet Ski Rentals" because the petitioner did not dispute that it "received and reviewed" the notice).

"The time limit imposed by [Section 185] is strictly enforced," *Paradise Divers v. Upmal*, 402 F.3d at 1090, and the remedy for noncompliance with its statute of limitations is dismissal of the action.  *Id*. at 1089, 1091.  Accordingly, and for the reasons set forth above, Quality's motion to dismiss is **granted**.  This action is **dismissed**.[4]

---

[3] Although it appears that Soles' usage of fictitious defendants satisfied state procedural rules, *see* Ala. R. Civ. P. 9(h), the result would not change if it did not, because the question is the adequacy of notice to P.G. under federal law, not the adequacy of pleading under Alabama law.

[4] The Court's order restraining, staying and enjoining prosecution of the state action, (Doc. 6, ¶ 3), is **vacated**.  The Court's order appointing T.M. Jemison Construction Co. as trustee of the Vessel, (*id*., ¶ 5), is likewise **vacated**.

DONE and ORDERED this 7th day of September, 2005.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE